IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **FRANK A. MOULTRIE,** | ) | |
| | ) | **Case No. 16-00574-TOM-11** |
| | ) | |
| **Debtor.** | ) | |
| _____ | ) | |
| | ) | |
| **FRANK A. MOULTRIE,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | **ADVERSARY PROCEEDING** |
| **v.** | ) | |
| | ) | **Case No. 16-00078-TOM** |
| **FORD MOTOR COMPANY,** | ) | |
| **CHARLES O. WALL, II; LONG-** | ) | |
| **LEWIS OF THE RIVER REGION,** | ) | |
| **INC.; TODD C. OUELLETTE, and** | ) | |
| **TIMOTHY L. WITT** | ) | |
| | ) | |
| **Defendants.** | ) | |

_____

**MEMORANDUM OPINION AND ORDER GRANTING
MOTION FOR SUMMARY JUDGEMENT FILED BY
DEFENDANTS FORD MOTOR COMPANY AND TIMOTHY L. WITT**

This adversary proceeding came before the Court on June 13, 2018, for a hearing[1] on the Motion for Summary Judgment filed by Defendants Ford Motor Company and Timothy L. Witt, the Response filed by Plaintiff Frank A. Moultrie, and the Reply filed by Ford and Witt. Appearing before the Court were Cason M. Kirby, counsel for Moultrie; William Allen Sheehan, counsel for Charles O. Wall, II; H. Lanier Brown, counsel for Ford Motor Company

---

[1] At the August 6, 2018 status conference counsel for Ford Motor Company and Timothy L. Witt expressly consented to entry by this Court of any and all final orders and judgments in this adversary proceeding. Counsel for Frank A. Moultrie raised no written or verbal objection to the entry of final orders and judgments by this Court at either the August 6, 2018 status conference or at any time prior; thus Moultrie and his counsel have implied their consent and will be deemed to have consented to entry by this Court of any and all final orders and judgments in this matter.

and Timothy L. Witt; and Douglas Barkley Hargett, counsel for Long-Lewis of the River Region, Inc. and Todd C. Ouellette. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 151, and 157(a) and the District Court's General Order of Reference Dated July 16, 1984, as Amended July 17, 1984.[2] This adversary proceeding is related to the underlying bankruptcy case filed by Moultrie.[3] 28 U.S.C. 157(b)(3), (c)(1)-(2).[4] This Court has considered the pleadings, arguments of counsel, the exhibits, and the law, and finds and concludes as follows:[5]

---

[2] The General Order of Reference Dated July 16, 1984, As Amended July 17, 1984 issued by the United States District Court for the Northern District of Alabama provides:
> The general order of reference entered July 16, 1984 is hereby amended to add that there be hereby referred to the Bankruptcy Judges for this district all cases, and matters and proceedings in cases, under the Bankruptcy Act.

Moultrie, Ford, and Witt have made jury demands in this adversary proceeding. AP Docs. 1, 52, 54, 65. "[T]he mere filing of a jury demand does not cause the Bankruptcy Court to lose 'jurisdiction' of the action(s) or mandate that the reference be withdrawn." *City Fire Equip Co. v. Ansul Fire Prot. Wormald U.S., Inc.*, 125 B.R. 645, 649 (N.D. Ala. 1989).

[3] In *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, the Eleventh Circuit Court of Appeals adopted the test for "related to" jurisdiction articulated by the Third Circuit Court of Appeals:
> "The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. The proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate."

*Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784, 788 (11th Cir. 1990) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984)).

[4] 28 U.S.C. § 157(b)(3), (c)(1)-(2) provide as follows:
> (b)(3) The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11.
> …
> (c)(1) A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.
> (2) Notwithstanding the provisions of paragraph (1) of this subsection, the district court, with the consent of all the parties to the proceeding, may refer a proceeding related to a case under title 11 to a bankruptcy judge to hear and determine and to enter appropriate orders and judgments, subject to review under section 158 of this title.

[5] This Memorandum Opinion and Order constitutes findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, applicable to adversary proceedings in bankruptcy pursuant to Federal Rule of Bankruptcy Procedure 7052.

Case 16-00078-TOM    Doc 115    Filed 08/10/18    Entered 08/10/18 14:14:43    Desc Main
Document    Page 2 of 7

# FINDINGS OF FACTS[6]

Autauga Automotive, LLC ("Autauga") was formed in early July 2009 to acquire the assets of Gilmore Ford in Prattville, Alabama. Charles Wall was an original organizer and member of Autauga, as was Jesse Mariner. After Ford Motor Company rejected Mariner as a potential franchise owner for character reasons, Frank Moultrie replaced him as co-owner of Autauga. In October 2009, Autauga entered a Sales and Service Agreement with Ford that established Autauga as an authorized dealer of Ford vehicles. That contract listed Moultrie and Wall as co-managers of the dealership, possessing 51% and 49% equity ownership, respectively. Any proposed change to the ownership or management of Autauga had to be approved by Ford, but Ford could not unreasonably withhold its consent. Soon thereafter, Autauga was issued a new-motor-vehicle-dealer license by the Alabama Department of Revenue.

Several years later, Moultrie and Wall's business relationship deteriorated to the point of litigation in the Circuit Court of Autauga County. The case went to trial, and a judgment was entered in favor of Wall on March 11, 2014. In the judgment the circuit court, noting that the plaintiffs sought a temporary restraining order as well as a declaratory judgment, determined, among other things, that "Wall had a 90% interest in the profits and losses and Moultrie had a 10% interest in the profits of the Company," but pursuant to Autauga's Operating Agreement Moultrie was divested of his interest in the company, leaving Wall as the 100% owner. Final Order of the Circuit Court of Autauga County, Alabama dated March 11, 2014, AP Doc. 83-2, at 39-40.

Two weeks later on March 24, 2014, Moultrie filed a notice of appeal and a motion asking the circuit court to stay its judgment pending appeal. The circuit court denied the motion

---

[6] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court may take judicial notice of the contents of its own files. *See ITT Rayonier, Inc. v. U.S.*, 651 F.2d 343 (5th Cir. Unit B July 1981); *Florida v. Charley Toppino & Sons, Inc.*, 514 F.2d 700, 704 (5th Cir. 1975).

the next day in a one-line order: "MOTION TO STAY filed by MOULTRIE FRANK A is hereby DENIED." Order of the Circuit Court of Autauga County, Alabama dated March 25, 2014, AP Doc. 85-13. This order prompted Moultrie to seek a stay from the Supreme Court of Alabama. In its order of April 23, 2014, the Supreme Court ruled: "IT IS ORDERED that the motion for stay is denied." Order of the Supreme Court of Alabama dated April 23, 2014, AP Doc. 85-15. At no point did Moultrie ever post a supersedeas bond.

After entry of the circuit court's order in favor of Wall, Autauga amended its Articles of Organization to reflect that Wall was the sole member of the company. The dealership then sent a letter to Ford indicating its intent to sell its assets to Long-Lewis Ford of the River Region. On April 30, having been provided a copy of the circuit court's judgment and the amended Articles of Organization listing Wall as Autauga's sole owner, Ford and Autauga executed an amendment to the Sales and Service Agreement recognizing Wall as the lone manager and 100% equity interest owner. On May 21, Autauga entered into an Asset Purchase Agreement ("APA") in which it contracted to sell its assets to Long-Lewis.

In July, Autauga formally notified Ford it was resigning the franchise, thereby terminating the Sales and Service Agreement between them. Autauga's resignation became effective on August 4, the day that Long-Lewis entered its own franchise agreement with Ford. On August 5, 2014, the asset purchase closing between Autauga and Long-Lewis pursuant to the APA was completed.

Moultrie filed a Chapter 11 bankruptcy petition in the Northern District of Florida a couple of months later in September 2014. On February 6, 2015, the Supreme Court of Alabama issued an opinion affirming the circuit court's determination "that Wall had a 90% interest in the profits and losses of Autauga Automotive and that Moultrie had a 10% interest in the profits and

4

losses" but reversing and remanding the portion of the order wherein the circuit court concluded that Moultrie had been divested of his interest. Opinion of the Supreme Court of Alabama dated February 6, 2015, AP Doc. 85-17, at 14.[7] Pursuant to that opinion the circuit court's March 18, 2015 Order Pursuant to Remand provided that "the portion of this Court's order of March 14, 2014 divesting Defendant, Frank Moultrie, of his interest in Autauga Automotive is set aside and judgment rendered in his favor on that issue." Order Pursuant to Remand of the Circuit Court of Autauga County, Alabama dated March 18, 2015, AP Doc. 85-19.

Following the transfer of his bankruptcy petition to this Court in February 2016, Moultrie filed an adversary complaint against, among others, Ford Motor Company and Timothy L. Witt, Ford's regional manager at the time of the underlying events. Moultrie's Complaint, as amended, (the "Amended Complaint") asserts multiple Alabama statutory and common-law claims against Ford and Witt based on the sale of Autauga's assets and the amendment of the Sales and Service Agreement to reflect Moultrie was no longer an owner.

Discovery has concluded. On April 6, 2018, Ford and Witt filed a Motion for Summary Judgment on all claims along with a brief and evidentiary submission in support. Moultrie filed a Response Brief in Opposition on April 27, 2018, and thereafter on May 11, 2018, Ford and Witt filed their Reply.

## CONCLUSIONS OF LAW

Ford and Witt have moved for summary judgment as to all counts of the Amended Complaint. Summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure, which provides in relevant part that

> [a] party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense - on which summary judgment is sought. The

---

[7] The Alabama Supreme Court's February 6, 2015 opinion has been published at *Moultrie v. Wall*, 172 So. 3d 828 (2015).

5

> court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed. R. Civ. P. 56. The party moving for summary judgment has the burden of demonstrating the absence of genuine issues of material fact and its entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 - 23 (1986). The court "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "'[T]he court must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment.'" *Chapman v. Al Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc) (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)); *see also Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1986). Once the moving party has satisfied its burden of proof by proving the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law, the burden shifts to the non-moving party to offer evidence of specific facts which prove the existence of a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112 (11th Cir. 1993).

Ford and Witt contend that they have no liability to Moultrie because he did not obtain a stay of the March 11, 2014 circuit court order determining that "Wall is the 100% owner in capital and in profits and losses of Autauga Automotive, LLC." In Alabama, "a judgment rendered by a court having jurisdiction protects the parties acting under it before a reversal or stay and constitutes a sufficient justification for all acts done in its enforcement before it is set aside on appeal." *St. Regis Paper Co. v. Kerlin*, 476 So. 2d 64, 66 (1985). Thus, any action taken by Ford and Witt in reliance on the circuit court judgment prior to reversal was valid, unless the judgment was stayed.

Rule 62 of the Alabama Rules of Civil Procedure and Rule 8 of the Alabama Rules of Appellate Procedure address stay of a judgment during an appeal. A judgment that does not involve injunctive relief is subject to execution 30 days after entry absent the posting of a supersedeas bond or a court-ordered stay. Ala. R. Civ. P. 62(a), (d), (g); Ala. R. App. P. 8(a), (b). If the judgment contains an injunction, it is immediately enforceable absent court order. Ala. R. Civ. P. 62(a), (c). Moultrie did not post a supersedeas bond, and although he sought a stay of the judgment in the circuit court and then the Alabama Supreme Court, his motions were denied. Because there was no stay, Ford and Witt were entitled to rely on the judgment and there is no basis upon which Moultrie may be awarded damages for their actions.

The Court finds that Ford and Witt have met their burden of proving that there is no genuine issue as to the material facts, and that the Motion for Summary Judgment is due to be granted as to all counts of the Amended Complaint.

Accordingly, it is hereby **ORDERED**, **ADJUDGED** and **DECREED** that the Motion for Summary Judgment filed by Ford Motor Company and Timothy L. Witt is **GRANTED** as to all counts of the Amended Complaint.

Dated: August 10, 2018
/s/ Tamara O. Mitchell
TAMARA O. MITCHELL
United States Bankruptcy Judge

TOM/dgm

7